## BLACKWELL v. BANKS BROTHERS.

Where a plaintiff brought an action at law, claiming to be entitled to
recover a specified sum of money as one half of the profits to be de-
rived from the purchase and resale of certain land, under a contract
with the defendants to that effect, and the evidence on his behalf
showed that most of the lands had been sold at a price in excess of
what was paid for the whole, but that only a portion of such selling
price was paid in cash and notes taken for the balance, that the amount
which the defendants had received in cash was less than the amount
which they had paid' for the land, and that one tract remained unsold,
which was estimated to be of a certain value, the plaintiff did not
make out a prima facie case entitling him to the judgment sought by
him at the time of the trial, and there was no error in granting a non-
suit

Argued February 9,—Decided June 26, 1909.

Complaint.　Before Judge Lewis.　Jasper superior court.
February 18, 1908.

S. E. Blackwell brought suit against Banks Brothers for $975.
As amended the petition alleged, in brief, as follows: Defendants
employed plaintiff to make a purchase of certain rights, equities,
and title of one Peteet in two certain described tracts of land.
It was agreed that in the event he could make the purchase for
the sum of $2500, he was to have compensation in one of two
ways, subject to the election of one of the defendants: first, he
was to be allowed a half interest in the property for $1,250, and
was to be allowed a reasonable time in which to pay one half of
the purchase-price.　This, however, was subject to sale for a
profit as set out in the next portion of the agreement.　Second,
the acting member of the firm named reserved the right to sell the
property at a profit, and in the event he sold he was to give to
the plaintiff one half of the profits.　Shortly thereafter the de-
fendant who acted for the firm advised the plaintiff that it was
better to sell for a profit, and that he intended to do so, to which.
the plaintiff consented, thereby agreeing to accept one half of the
profits as compensation for the services performed.　The plaintiff'
performed his part of the contract, made the purchase at the
agreed price, and the entire right and title of Peteet was trans-
ferred to the acting member of the defendant firm.　The defend-
ants, through such member, have sold all the land except about
100 acres.　The profit on the sales is $1,950, one half of which
($975) is due to the plaintiff.　The unsold 100 acres represents

a profit, and is easily worth $800. The plaintiff prayed judgment for $975 as his share in the accrued profits, and also for $400 as being one half the value of the land unsold. The evidence on behalf of the plaintiff tended to support the allegation of the making of the contract, the performance of his part thereof, and the sales as alleged, but showed that the sales were made partly on a credit, and a considerable portion of the purchase-money had not become due and payable at the time of the suit or at the time of the trial. The amount shown to have been received in cash was not enough to reimburse the defendants for the purchase-money paid by them. The court granted a nonsuit, and the plaintiff excepted.

*W. S. Florence* and *B. F. Leverette,* for plaintiff.

*Greene F. Johnson,* for defendants.

ATKINSON, J. The case before us is not one for an equitable accounting, nor is it an effort to recover any of the notes received by the defendants on account of sales of the land, nor any part of the property remaining on hand; but it is a suit for a specified sum of money as if the entire amount received by the defendants had been in cash, and for what was alleged to be one half the cash value of the land unsold. No complaint was made of any illegality or want of authority on the part of the defendants to make the sales which they had made. On the contrary the plaintiff is seeking to recover on the basis of such sales and the amount for which such lands were sold. The error in his contention is that he seeks to ratify such sales as fixing the amount, but, while only claiming to be entitled to one half the profits, seeks to compel the defendants to pay him his half in cash before they have received payment in cash, and to leave them to hold the notes in lieu of cash. The amount which the defendants had received at the time of the trial, according to the testimony for the plaintiff, was less than the original price paid by them for the purchase of the land. The plaintiff, whose only claim is to share in the profits, can not, under these circumstances, compel the defendants to pay him in cash the amount for which the lands were sold in excess of what was paid for the lands, before the defendants have been themselves reimbursed, and leave them to look both for reimbursement and profit to the collection of the notes in the future. The plaintiff also seeks to recover what he alleges to be one half the value of

the unsold tract of land.  Taking the testimony on his behalf as correct, his claim on the entire case has not matured, and he has no present right of recovery.  The trial judge therefore correctly granted a nonsuit.  *Judgment affirmed.  All the Justices concur.*